UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Amy Levenson,                                    :
                                                 :
                Plaintiff,        :           **ANSWER**
           v.                                :           07 CV 6656 (AKH)
                                                 :
Barclays PLC, Barclays Bank PLC and              :
Barclays Capital, Inc.,                          :
                                                 :
                Defendants.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendants Barclays PLC, Barclays Bank PLC and Barclays Capital, Inc. ("Barclays Capital"), by their undersigned attorneys, for their answer to the complaint ("complaint") of plaintiff Amy Levenson ("Plaintiff"), herein state, upon knowledge as to themselves and their conduct and upon information and belief as to all other matters, the following:

        1.     Admit that Plaintiff purports to assert claims under the laws referred to, but otherwise deny the allegations of Paragraph 1 of the complaint.

        2.     Admit that Plaintiff initially worked part-time, eventually decided to work full-time and transferred to a new unit, but otherwise deny the allegations of Paragraph 2 of the complaint.

        3.     Admit that Plaintiff purports to seek the relief stated, but otherwise deny the allegations of Paragraph 3 of the complaint.

        4.     Admit that Plaintiff has filed a separate arbitration, refers to Plaintiff's pleading in the arbitration for the contents thereof, but otherwise deny the allegations of Paragraph 4 of the complaint.

5. State that Paragraph 5 of the complaint asserts legal conclusions not requiring response.

6. State that Paragraph 6 of the complaint asserts a legal conclusion not requiring response.

7. State that Paragraph 7 of the complaint asserts a legal conclusion not requiring response.

8. Deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that she served her complaint on the City of New York Commission on Human Rights and the Corporation Counsel of the City of New York, and state that Paragraph 8 of the complaint otherwise asserts a legal conclusion not requiring response.

9. Admit that Plaintiff has been employed by Barclays Capital from April 2004 to the present, deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's citizenship, and otherwise deny the allegations of paragraph 9 of the complaint.

10. Admit that Barclays PLC does business in New York, but otherwise deny the allegations of Paragraph 10 of the complaint.

11. Admit that Barclays Bank PLC does business in New York, but otherwise deny the allegations of Paragraph 11 of the complaint.

12. Admit the allegations of Paragraph 12 of the complaint.

13. Deny that Barclays Capital is a 'PLC', but otherwise admit Paragraph 13 of the complaint.

14. State that Paragraph 14 of the complaint asserts legal conclusions not requiring response.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the complaint.

17. State that Plaintiff negotiated and received $1.35 million in compensation for 2004 and $1.362 million for 2005, which compensation included base salary, bonus and equity, but otherwise deny the allegations of Paragraph 17 of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the complaint.

19. Admit that Plaintiff began work at Barclays Capital in April 2004 in Barclays Capital's corporate bond sales group, but otherwise deny the allegations of paragraph 19 of the complaint.

20. Admit that Plaintiff began at Barclays Capital in traditional cash credit sales and subsequently became involved with derivative sales, but otherwise deny the allegations in Paragraph 20 of the complaint.

21. Admit that some of Plaintiffs work increased the efficiency and profitability of her team, and otherwise deny the allegations in Paragraph 21 of the complaint.

22. Deny the allegations in Paragraph 22 of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the complaint.

25. Admit that Mr. Stathis told Plaintiff that Barclays Capital wanted her to remain an employee, and otherwise deny the allegations in Paragraph 25 of the complaint.

26. Admit that Plaintiff expressed interest in joining the new leverage finance team Barclays Capital was forming, but otherwise deny the allegations in Paragraph 26 of the complaint.

27. Deny the allegations in Paragraph 27 of the complaint.

28. Admit the allegations of Paragraph 28 of the complaint.

29. Deny the allegations in Paragraph 29 of the complaint.

30. Deny that there was any "promise" as alleged in Paragraph 30 of the complaint.

31. Admit the allegations in Paragraph 31 of the complaint.

32. Admit that Plaintiff was encouraged to work on infrastructure, but otherwise deny the allegations in Paragraph 32 of the complaint.

33. Admit the allegations respecting the nature of Plaintiff's work, and otherwise deny the allegations in Paragraph 33 of the complaint.

34. Deny the allegations in Paragraph 34 of the complaint.

35. Deny the allegations in Paragraph 35 of the complaint.

36. Admit that Plaintiff received a review grade of 'A' from McGrath, but otherwise deny the allegations in Paragraph 36 of the complaint.

37. Deny the allegations of Paragraph 37 of the complaint.

38. Deny the allegations of Paragraph 38 of the complaint.

39. Deny the allegations of Paragraph 39 of the complaint.

40. Deny the allegations of Paragraph 40 of the complaint.

41. Deny the allegations of Paragraph 41 of the complaint.

42. Deny the allegations of Paragraph 42 of the complaint.

43. Admit that Plaintiff attended a golf tournament in 2006, and otherwise deny the allegations of Paragraph 43 of the complaint.

44. Deny the allegations of Paragraph 44 of the complaint.

45. Admit the allegations of Paragraph 45 of the complaint.

46. Deny the allegations of Paragraph 46 of the complaint.

47. Deny the allegations of Paragraph 47 of the complaint.

48. Deny the allegations of Paragraph 48 of the complaint.

49. Deny the allegations of Paragraph 49 of the complaint.

50. Deny the allegations of Paragraph 50 of the complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the complaint.

52. Deny the allegations of Paragraph 52 of the complaint.

53. State that Barclays Capital notified Plaintiff that it was paying her $1.3 million compensation for her work in 2006, and otherwise deny the allegations of Paragraph 53 of the complaint.

54. State that the allegation of Paragraph 54 of the complaint is too vague to permit response.

55. Repeats and realleges each and every response set forth in Paragraphs 1 through 54 as if fully set forth herein.

56. Deny the allegations of Paragraph 56 of the complaint.

57. Deny the allegations of Paragraph 57 of the complaint.

58. Deny the allegations of Paragraph 58 of the complaint.

59. Repeats and realleges each and every response set forth in Paragraphs 1 through 58 as if fully set forth herein.

60. Deny the allegations of Paragraph 60 of the complaint.

61. Deny the allegations of Paragraph 61 of the complaint.

62. Deny the allegations of Paragraph 62 of the complaint.

63. Repeats and realleges each and every response set forth in Paragraphs 1 through 62 as if fully set forth herein.

64. Deny the allegations of Paragraph 64 the complaint.

65. Deny the allegations of Paragraph 65 the complaint.

66. Repeats and realleges each and every response set forth in Paragraphs 1 through 65 as if fully set forth herein.

67. Deny the allegations of Paragraph 67 the complaint.

68. Deny the allegations of Paragraph 68 of the complaint.

69. Deny each and every paragraph of the Plaintiff's prayer for relief in its entirety, and deny that the plaintiff is entitled to any relief whatsoever.

70. Deny each and every allegation in the complaint not specifically admitted above.

### FIRST AFFIRMATIVE DEFENSE

71. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her claimed damages.

### THIRD AFFIRMATIVE DEFENSE

73. Barclays Capital's decisions with respect to plaintiff's employment were made for legitimate, non-discriminatory, non-retaliatory business reasons.

### FOURTH AFFIRMATIVE DEFENSE

74. Any difference in pay between plaintiff and any other person performing equal work on jobs the performance of which required equal skill, effort and responsibility and which was performed under similar working conditions was based on factors other than sex.

Dated: New York, New York
       September 7, 2007

> s/ Robin D. Fessel
> Robin D. Fessel (RF 9194)
> Gerald C. Kuppusamy (GK3142)
> SULLIVAN & CROMWELL LLP
> 125 Broad Street
> New York, NY 10004
> (212) 558-4000
>
> *Counsel for Defendants, Barclays PLC, Barclays Bank PL, Barclays Capital, Inc.*

- 8 -

## CERTIFICATE OF SERVICE

    I hereby certify that on this 7th day of September, 2007, I caused a true and correct copy of the foregoing Defendants' Answer to the Complaint to be served by regular mail postage prepaid upon:

  Anne C. Vladeck
  Maia Goodell
  VLADECK, WALDMAN, ELIAS & ENGELHARD, P.C.
  1501 Broadway, Suite 800
  New York, NY 10036

  *Attorneys for Plaintiff*

              /s/ Gerald C. Kuppusamy
              Gerald C. Kuppusamy (GK3142)