# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/1/08

RECEIVED
MAR 31 2008
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.

March 31, 2008

*[Handwritten note: This and all prior letters have been rejected for failure to comply w/ Indiv. R. 2.E. A plain statement of the dispute shall be tendered, with both parties' positions. 3-31-08 /s/ A.K. Hellerstein]*

By Facsimile (w/o encl.)
By Hand (w/encl.)

Honorable Alvin Hellerstein,
   United States District Court,
      Southern District of New York
         500 Pearl Street – Room 1050
           New York, New York 10007

      Re:    Amy Levenson v. Barclays PLC, et. al. 07 CV 6656 (AKH)

Dear Judge Hellerstein:

        I write in response to Plaintiff's counsel's March 28, 2008 letter to the Court seeking to prevent Barclays from going forward with third-party depositions and Plaintiff's deposition.

        Last Tuesday, Plaintiff's counsel provided us with Plaintiff's statement to the Court in support of a protective order preventing Barclays from taking third party depositions or Plaintiff's deposition. As the parties had agreed, on the morning of March 28 we provided Plaintiff's counsel with a statement of Barclays' position in response. Shortly before noon on Friday, Plaintiff's counsel sent us a substantially revised statement of her position, demanding that we revise our statement by 1:30 p.m. We objected to Plaintiff's submission of her revised statement without having an opportunity to review it and respond -- the redline Plaintiff submitted on Friday at our insistence shows the extent of her revisions -- and we told Plaintiff's counsel we would provide a revised statement over the weekend. (Exh. A.) Despite our objection, Plaintiff sent her new letter to the Court.

        Plaintiff's counsel's assertion that we did not consult with her in scheduling the third party depositions at issue is both irrelevant – because she does not contend that the schedule is inconvenient for her – and simply false. On March 7, 2008, recognizing that Barclays was preparing to take third party depositions, Plaintiff asked us

Honorable Alvin Hellerstein                                                -2-

to notify her "prior to sending any third party subpoenas so that we may discuss the most efficient timing," and she referred to the ongoing discussions between counsel concerning party discovery. (Exh. B.) My response – which Plaintiff quotes only in part – was, in full: "I don't get the connection between our discussions and third party subpoenas, but we are more than happy to work with you on timing." (*Id.*) Five days later, on March 12, Plaintiff sent us a letter simply asking us to provide "the notice mandated by Rule 45(b)(1)." (Exh. C.)

        On March 14, 2008 – in an email Plaintiff chooses to omit from her voluminous exhibits – we identified for Plaintiff's counsel the firms we intended to subpoena. We proposed doing so on April 3-9, and asked Plaintiff's counsel to tell us which dates worked for her. In response, Plaintiff's counsel did not say – and she never has said – that the dates would not work with her schedule, nor did she propose any alternative date. Rather, her response made clear what her present motion confirms – that she simply wants to put off discovery without any legitimate grounds for doing so. (Exh. D.) Plaintiff's counsel plainly had no intention of discussing scheduling; she was seeking to avoid scheduling.

        Similarly, Plaintiff's counsel's accusations that Barclays has been uncooperative in discovery are also both irrelevant – because they would not in any event provide any grounds for a protective order precluding depositions – and flatly wrong. We will address those baseless assertions in full in the context in which they should be addressed -- Plaintiff's motion to compel – but two examples will illustrate the baselessness of her claims. First, Plaintiff's assertions concerning her supposed efforts to confer on electronic discovery are demonstrably incorrect. Plaintiff's document requests sought every e-mail sent or received by anyone at Barclays concerning Plaintiff over the three years she worked there. Barclays objected to that, but on January 4, 2008, in its response to Plaintiff's initial document requests, Barclays proposed to confer with respect to searches of electronic documents. Barclays repeated that suggestion in letters to Plaintiff's counsel on January 22 and 25, 2008. (Exh. E.) When Plaintiff's counsel finally agreed to talk – on February 15, 2008 – she flatly refused to discuss *any* limitation on the searches, insisting instead that she wanted "everything" concerning plaintiff. Plaintiff's counsel took precisely that same position again during our conference on March 4, 2008.

        Second, Plaintiff's suggestion that Barclays misled the Court with its statement that Plaintiff had identified only two comparators is entirely incorrect. Plaintiff is seeking to delay third party depositions on the basis of her intention to compel what she describes as "comparator evidence, including qualifications, compensation, negotiations, and job offers." As Barclays said, Plaintiff has identified two and only two other Barclays employees whom she contends were paid differently because of their sex. The additional people Plaintiff now says she has identified as "comparators" are Barclays employees she has never asserted were advantaged in terms of compensation. Rather,

Honorable Alvin Hellerstein -3-

they are people she identified in response to interrogatories concerning allegations in her complaint that have nothing to do with compensation.

In short, despite her substantial revisions, Plaintiff's counsel has still set forth absolutely no basis for preventing Barclays from proceeding with the third party depositions it has scheduled (and to which no third party has objected). Barclays is entitled to proceed with those depositions unless Plaintiff demonstrates grounds for a protective order under Fed. R. Civ. P. 26(c). Plaintiff has not come close to doing so. Plaintiff's motion is based on the patently illogical contention that, because she plans to move to compel additional discovery from Barclays, Barclays is not entitled to depositions from third parties. She makes no attempt to articulate any relationship between the "comparator" information she says she will seek and the subject of the depositions, nor could she, because there is none. The purpose of the third party depositions is simple – to determine whether plaintiff's allegations concerning supposed "offers and indications of interest" from four firms are truthful. *No* information about *any* Barclays employee –whether or not Plaintiff calls them "comparators" – has any bearing whatsoever on the depositions Barclays has subpoenaed.

Plaintiff's contention that the depositions would yield for Barclays an unfair advantage with respect to the arbitration is equally meritless. Plaintiff brought an arbitration making factual allegations virtually identical to those she makes here (but asserting different causes of action). Until this last minute attempt to prevent Barclays from proceeding with third party discovery it is entitled to take, Plaintiff has never suggested that depositions conducted in this litigation would somehow create unfairness with respect to the arbitration. Indeed, her assertion simply does not square with her own proposed deposition schedule, under which depositions would begin two weeks *before* the arbitration.

Finally, Plaintiff has still made *no* argument whatsoever as to why her own deposition – which we have noticed twice already – should be delayed for another three weeks.

\* \* \*

Barclays respectfully requests that Plaintiff's motion be denied.

Respectfully submitted,

Robin D. Fessel

(Enclosures)
cc: Anne Vladeck
    (Vladeck, Waldman, Elias & Engelhard, P.C.)