```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/23/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Amy Levenson,

       Plaintiff,    Case No.: 07 CV 6656 (AKH)
   v.
             **CONFIDENTIALITY**
Barclays PLC, Barclays Bank PLC and **STIPULATION**
Barclays Capital, Inc.,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONFIDENTIALITY STIPULATION

    IT IS HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel, that the following provisions shall govern the handling of all information contained in documents, recordings, testimony, exhibits, and any other written, recorded or graphic matter ("Discovery Material") produced or obtained by any party in connection with the above-captioned proceeding (the "Proceeding"), whether or not in response to a formal discovery request. The provisions of this Confidentiality Stipulation also shall apply to any non-party who provides Discovery Material and agrees to be bound by the terms of this Confidentiality Stipulation. References to a "party" or "parties" herein shall also include such non parties.

    1.  All Discovery Material, whether or not designated as Confidential, may be used for prosecuting or defending the Proceeding and for any other proceedings between plaintiff and defendants, including the related Financial Industry Regulatory Authority ("FINRA") Arbitration, <u>Levenson v. Barclays Capital</u>, FINRA Arbitration No. 07-02165 ("FINRA Proceeding"). The parties agree to be bound by the terms of this Confidentiality Stipulation in all such proceedings. Discovery Material designated as

"Confidential" shall be used solely for the purpose of prosecuting or defending this Proceeding, the FINRA Proceeding, and any other proceedings between plaintiff and defendants, and for no other purpose, including any administrative or other judicial or arbitral proceeding, except as required by law. Neither the foregoing or anything else in this Confidentiality Stipulation waives, and the parties expressly reserve all objections with respect to Discovery Material, including but not limited to relevance and admissibility.

2.  (a) The party producing Discovery Material may designate as "Confidential" any information that it in good faith believes embodies confidential information.

(b) The producing party may designate Confidential Information by stamping each page of a document containing such Confidential Information with the legend "Confidential." With respect to multi-page documents which contain Confidential Information, the designation may be made by stamping only the first page thereof "Confidential." Inadvertent failure to designate material as "Confidential" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice.

(c) With respect to depositions, any party or third-party deponent may designate portions of a transcript, "Confidential" either by requesting on the record that the transcript be so designated, or by notifying the other parties in writing no later than the close of discovery that it is so designating the transcript or any portion thereof, if such testimony discussed Confidential Information or the contents of the documents designated "Confidential."

(d) Nothing herein shall prevent the parties from seeking an order from the court further restricting the use or access to information.

3.   Confidential Information may be disclosed or made available by the party receiving such information, only to the following "Qualified Persons" as defined herein. The term "Qualified Persons" means:

(a) the court;

(b) any party to the Proceeding (including in-house counsel, employees and agents of Barclays PLC, Barclays Bank PLC and Barclays Capital, Inc. ("Barclays")), who has a need to know the information;

(c) outside counsel of record to any party to the Proceeding;

(d) court reporters;

(e) outside experts, advisors or consultants retained by counsel of record in the Proceeding, but only to the extent reasonably deemed necessary by such counsel of record; *provided* that such experts, advisors or consultants are not employed by any competitor of the producing party and that prior to disclosure of any Confidential Information, counsel for the party proposing such disclosure shall deliver a copy of this Confidentiality Stipulation to any such expert, advisor or consultant, shall explain the terms of the Confidentiality Stipulation, and such expert, advisor or consultant shall execute a copy of the Confidentiality Agreement substantially in the form of Exhibit A. A copy of each such undertaking shall be forwarded to the other party at the end of the Proceeding or at the time the identity of the expert, advisor or consultant is disclosed. If any expert, advisor or consultant is called to testify, a copy of such person's undertaking will be provided to the other party no later than that time;

248970 v9                     3

(f) potential fact witnesses, to the extent reasonably necessary, in connection with their testimony or in preparation thereof, provided that such witness is given a copy of the Confidentiality Stipulation, is advised that he or she is subject to its terms and conditions and acknowledges the terms thereof by the execution of the Confidentiality Agreement substantially in the Form of Exhibit A. A copy of such Confidentiality Agreement shall be furnished to the other party at the end of the Proceeding or the time the identity of the fact witness is disclosed. In the case of actual testimony, the witness shall acknowledge on the record that he or she has read the Confidentiality Stipulation and will abide by its terms; and

(g) other persons only after notice to all parties and upon order of the court, or upon prior written consent of the producing party.

4. The terms counsel, expert, advisor and consultant include staff of such individuals who are assigned to and necessary to assist such counsel, expert, advisor or consultant in connection with this litigation.

5. All Qualified Persons who have received Confidential Information pursuant hereto shall safeguard such information so as to prevent its disclosure to persons who are not Qualified Persons entitled to see such Confidential Information.

6. In the event that counsel for the producing party elects to file with the court any Confidential Information, counsel will move to have such material filed under seal or otherwise protect the confidentiality of the material in accordance with Judge Hellerstein's Individual Practices. Where counsel electing to file any Confidential Information does not represent the producing party, counsel will first give five days

notice to the producing party so that they may move to have such material filed under seal or otherwise protect the confidentiality of the material.

7. All information subject to confidential treatment in accordance with the terms of this Confidentiality Stipulation that is filed with the court, and any pleadings, motions or other papers filed that disclose any confidential information, shall be designated "Confidential" and the party filing such information shall seek confidential treatment of the information consistent with the Stipulation.

8. Subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, Confidential Information may be offered in evidence at the Proceeding or any hearing related thereto. Any party may move for an order that Confidential Information so offered in evidence be received under conditions to prevent its disclosure to persons or entities not entitled under this Confidentiality Stipulation to have access to it.

9. Any party to the Proceeding to whom Confidential Information is produced or disclosed may object to the "Confidential" designation. The objection shall be made in writing to counsel for the designating party (the "Notice"). The Notice shall have attached a copy of such designated material or shall identify each subject document by production number and shall (a) state that the receiving party objects to the designation and (b) set forth the particular reasons for such objection. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the objection, the objecting party may move to remove the Confidential

designation. All materials whose designation is so objected to shall continue to be treated as Confidential Information until there is a ruling to the contrary.

10. All Confidential Information and all copies thereof shall be destroyed, and certified to the producing party as having been destroyed, or returned to counsel for the producing party within sixty (60) days after the final conclusion of the Proceeding, including appeals.

11. After the termination of this Proceeding, this Confidentiality Stipulation shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Information has been disclosed or communicated.

12. The inadvertent production of any Discovery Material, whether or not designated as Confidential, shall be without prejudice to any claim that such material is privileged and/or protected from discovery as work product, and the producing party shall not be held to have waived any such claim by inadvertent production, provided that the producing party promptly advises the other parties of its position and identifies the documents to which the assertion is claimed. All inadvertently produced materials as to which a claim of privilege is asserted and any copies thereof shall be returned or destroyed promptly, provided that, in accordance with Fed. R. Civ. P. 26(b)(5), the inadvertently produced materials may be promptly presented to the court under seal for a determination of the claim of privilege

13. Any notice required or permitted herein shall be made, if to Barclays, to their counsel Sullivan & Cromwell LLP and, if to Amy Levenson, to her counsel Vladeck, Waldman, Elias & Engelhard, P.C. Notice may be by telephone with facsimile confirmation or other such means so as to provide timely notice.

14. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties hereby consent to service between counsel by electronic mail and facsimile.

15. Each of the parties hereto shall be entitled to seek modification of this Confidentiality Stipulation for good cause shown by application to the court on reasonable notice to the other parties hereto.

Dated: New York, New York
July 10, 2008

_____
Robin D. Fessel (RF 9194)
Gerald C. Kuppusamy (GK 3142)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Defendants, Barclays PLC, Barclays Bank PLC, Barclays Capital, Inc.*

_____
Anne C. Vladeck (AV 4857)
Maia Goodell (MG 8905)
VLADECK, WALDMAN, ELIAS & ENGELHARD, P.C.
1501 Broadway, Suite 800
New York, NY 10036

*Attorneys for Plaintiff*

SO ORDERED
Judge Alvin K. Hellerstein   7-23-08

# Exhibit A

248970 v9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
Amy Levenson,

    Plaintiff,

  v.

Barclays PLC, Barclays Bank PLC and
Barclays Capital, Inc.,

    Defendants.
------------------------------x

Case No.: 07 CV 6656 (AKH)

## CONFIDENTIALITY AGREEMENT

_____ agrees to
(Name of person, firm or organization)

be bound by the terms of the Confidentiality Stipulation, dated July \_\_, 2008, in the above entitled matter.

_____
(Signature of person, firm or organization)

248970 v9